FILED
 2006 Jun-15 PM 02:44
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Case Numbers |
| | ) | CR 01-S-168-M |
| ALTON RUMLEY DUBOSE, | ) | CV 04-S-8015-M |
| | ) | |
| Defendant/Movant. | ) | |

**MEMORANDUM OPINION AND ORDER**

United States Magistrate Judge T. Michael Putnam filed a report and recommendation in these cases on April 19, 2006, recommending that the motion of defendant, Alton Rumley Dubose ("movant"), filed pursuant to 28 U.S.C. § 2255, and asking this court to vacate or set aside his conviction and sentence, be denied (doc. no. 12). With the assistance of counsel, movant filed objections to the report and recommendation on May 2, 2006 (doc. no. 13), and supplemented his objections on May 10, 2006 (doc. no. 14). Having now carefully reviewed and considered *de novo* the magistrate judge's report and recommendation, movant's objections, and all other materials in the court file, the court finds that the magistrate's report is due to be, and it hereby is, ADOPTED, and his recommendation ACCEPTED.

The court notes that movant's objections focus exclusively on the claim of ineffective assistance of counsel raised in the amended motion filed by counsel. Nothing in the objections disputes the magistrate judge's conclusion that the claims

asserted in the original *pro se* motion were abandoned when counsel appeared and filed an amended motion. Therefore, the only issue this court is required to review is whether the magistrate judge's proposed disposition of the claim of ineffective assistance, arising from counsel's failure to make an *Apprendi* objection at sentencing, was erroneous. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *see also Jones v. United States*, 526 U.S. 227 (1999). This court believes that it was not.

## DISCUSSION

As the magistrate judge observed, the Sixth Amendment right to assistance of counsel does not mandate that defendants receive the very best representation. *Stone v. Dugger*, 837 F.2d 1477 (11th Cir. 1988). The Sixth Amendment prescribes a constitutional minimum, and nothing in it assures criminal defendants that they will receive the same level and quality of representation that a wealthy defendant might be able to retain. Rather, the amendment guarantees only reasonably competent representation.

This court also agrees with the magistrate judge that counsel representing movant on the date of his sentencing by this court during November 2001 was neither professionally unreasonable nor ineffective when counsel *either*: (a) chose not to make an objection to the United States Sentencing guidelines based upon the ration of the Supreme Court's decisions in *Jones v. United States*, 526 U.S. 227, 243 n.6

(1999),[1] and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *or* (b) failed to make such an objection because counsel was not aware of the possibility of doing so.

When movant was sentenced in November of 2001, despite the Supreme Court's holding in *Apprendi* a year earlier, the Eleventh Circuit, and every other circuit court of appeals to consider the issue to that point in time, continued to uphold the constitutionality of the United States Sentencing Guidelines. Indeed, the Eleventh

---

[1] In *Jones*, the Supreme Court was construing the federal carjacking statute, 18 U.S.C. § 2119, which authorized increased maximum sentences when the commission of that offense resulted in "serious bodily injury" or "death." On the date the defendant was tried, the statute read as follows:

> Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
> (1)     be fined under this title or imprisoned not more than 15 years, or both,
> (2)     if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
> (3)     if death results, be fined under this title or imprisoned for any number of years up to life, or both.

The *Jones* Court observed that its "prior cases suggest[ed]," but did not "establish," that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." 526 U.S. at 243 n.6.
   That *dicta* was converted to a holding during the following term in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Court held as a matter of constitutional law that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 490 (construing state hate crime statute, and holding that the Due Process Clause of the Fourteenth Amendment "confirms the opinion . . . expressed in *Jones*. Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Circuit and some others continued to do so even after the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).[2]  For example, in *United States v. Duncan*, 381 F.3d 1070 (11th Cir. 2004), a post-*Blakely* case, the Eleventh Circuit held as follows:

> [W]e cannot conclude that it is obvious from *Blakely* that the case would apply to render unconstitutional judicial fact finding leading to sentence enhancement under the Federal Sentencing Guidelines.  The Court in *Blakely* expressly states, "The Federal Guidelines are not before us, and we express no opinion on them."  *Blakely*, 124 S.Ct. at 2538 n.9.  Further, as we previously concluded in *United States v. Curtis*, 380 F.3d at 1311, n.2, 2004 WL 1774785 (11th Cir. Aug.10, 2004), there is considerable disagreement amongst jurists and amongst the circuits on this issue.  In *Curtis*, we illustrated this disagreement by citing cases from the Seventh, Eighth, and Ninth Circuits holding that *Blakely* applies to sentences imposed under the Federal Sentencing Guidelines and cases from the Fifth and Fourth Circuits holding that *Blakely* does not apply to the Guidelines.  *Id.*  We also cited the Second Circuit's *en banc* opinion in *United States v. Penaranda*, 375 F.3d 238 (2d Cir. July 12, 2004), certifying the question of *Blakely's* application to the Supreme Court.  *Id.*  Since *Curtis*, two additional circuits have weighed in on this issue, both holding that *Blakely* does not apply to the Guidelines.  *See United States v. Mincey*, 380 F.3d 102, 2004 WL 1794717 (2d Cir. Aug.12, 2004) (withholding mandate pending Supreme Court's decision in *Booker* and *Fanfan*) (holding that *Blakely* does not apply to the

---

[2] The Court revisited the *Jones/Apprendi* rule in *Blakely*, which addressed the State of Washington's sentencing guideline scheme, and held that

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  In order words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional fact, but the maximum he may impose without any additional findings.

*Blakely*, 124 S. Ct. at 2531, 2537 (citations omitted).

> Guidelines); *United States v. Koch*, No. 02-6278 (6th Cir. Aug. 13, 2004) (*en banc*) (unpublished order with majority and dissenting opinions to follow) (holding that *Blakely* did not operate to invalidate the appellant's sentence).

*Duncan*, 381 F.3d at 1074 (internal footnotes omitted).

In light of such uncertainty among the courts of appeals, even following the *Blakely* decision, it cannot reasonably be said that it was professionally unreasonable for defense counsel to fail to anticipate, in November of 2001, a constitutional problem with the Federal Sentencing Guidelines based simply on the *dicta* in *Jones*, or the Supreme Court's holding in *Apprendi*, or even *Ring v. Arizona*, 536 U.S. 584 (2002).

As recently as June of 2005, the Eleventh Circuit observed in *United States v. Vanorden*, 414 F.3d 1321 (11th Cir. 2005), that it was understandable that *Apprendi* alone did not trigger an objection to the Federal Sentencing Guidelines prior to *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005).[3]  In *Vanorden*, the court observed that, upon pleading guilty in November of *2002 — i.e.*, a full year *after* the movant in the present case was sentenced — the defendant had not raised a

---

[3] The Court found "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures" in *United States v. Booker*, 543 U.S. –, 125 S. Ct. 738 (2005), and held that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee of a right to a jury trial.  The Court explicitly reaffirmed the rule first announced in *Apprendi* when holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

5

constitutional "challenge to his sentence based on the Sixth Amendment right to a trial by jury." *Id*. at 1323. In a footnote, the Court commented that:

> This omission is certainly understandable in that neither *Blakely* nor *Booker* had been decided, and then-controlling circuit precedent held that the Sixth Amendment right to a trial by jury, as explicated in *Apprendi*, "ha[d] no application to, or effect on, . . . Sentencing Guidelines calculations, when . . . the ultimate sentence imposed does not exceed the prescribed statutory maximum penalty," *United States v. Sanchez*, 269 F.3d 1250, 1288 (11th Cir. 2001) (*en banc*).

*Vanorden*, 414 F.3d at 1323 n.1.

Although *Vanorden* does not directly address a claim of ineffective assistance of counsel, the decision cannot logically be read as suggesting anything other than this: it was "understandable" for counsel at Vanorden's sentencing hearing, knowing only of the Supreme Court's holding in *Apprendi*, to raise no challenge to sentencing under the Federal Sentencing Guidelines, despite the judicial fact-finding inherent in that scheme.

The same is true here, only more so. At least counsel in *Vanorden* had the additional benefit of the Supreme Court's decision in *Ring*, which movant's sentencing-hearing counsel did not. If anything, movant's sentencing-hearing counsel had less of a basis for anticipating the impact that the rationale of the *Apprendi* holding would ultimately have on the Federal Sentencing Guidelines than counsel in

*Vanorden*, whose oversight or failure to raise a challenge was "certainly understandable."

Furthermore, movant's appellate counsel cannot be faulted for not arguing *Apprendi* on direct appeal, because the objection was not made at the trial court level. The Eleventh Circuit has made perfectly clear that failure to preserve an *Apprendi*-type challenge in the trial court subjects such a challenge to plain-error review only on appeal. *United States v. Ardley*, 273 F.3d 991 (11th Cir. 2001). As made clear also by the cases cited above, the Eleventh Circuit did not consider *Apprendi* an error with respect to Federal guideline sentencing in 2002. Thus, it cannot be said that the failure of movant's appellate counsel's to assert an *Apprendi* challenge in 2002 and 2003 resulted in prejudice to the movant.

Finally, petitioner advances the argument that, not only *Apprendi*, but the much earlier case of *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), should have put counsel on notice of the need to object to judicial fact-finding under the Federal Sentencing Guidelines. The consequence of this argument is obvious: if *McMillian* was enough to raise constitutional questions about the Sentencing Guidelines, and it was ineffective assistance for counsel to fail to make such objections at sentencing, then every lawyer who has failed to make a Sixth Amendment objection to federal guidelines sentencing since 1987 has been ineffective. That result is too absurd to

7

contemplate; but, in any event, if it is to be a controlling rule of law, it will have to be pronounced by a court far higher than this one.

Accordingly, movant's objections to the magistrate judge's report and recommendation are OVERRULED, and his § 2255 motion for relief from the conviction and sentence is DENIED.

DONE this 15th day of June, 2006.

_____
United States District Judge